Filed 11/6/24  P. v. Hernandez CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOSHUA HERNANDEZ,<br><br>    Defendant and Appellant. | D083020<br><br><br>(Super. Ct. No. SCN377747) |

APPEAL from a postjudgment order of the Superior Court of San Diego County, Carlos O. Armour, Judge.  Affirmed.

Theresa Osterman Stevenson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters and Charles C. Ragland, Assistant Attorneys General, Arlene A. Sevidal, James M. Toohey and Andrew Mestman, Deputy Attorneys General for Plaintiff and Respondent.

In 2019, Joshua Hernandez pleaded guilty to willful, deliberate, and premeditated attempted murder (Pen. Code,[1] §§ 664, 187, subd. (a); count 1) and admitted allegations that he personally and intentionally used a firearm (§ 12022.53, subd. (b)), personally inflicted great bodily injury (§ 12022.7, subd. (a)), and committed the offense for the benefit of, at the direction of, and in association with a criminal street gang (§ 186.22, subd. (b)). The parties stipulated that Hernandez's preliminary hearing transcript would serve as the factual basis for his plea. The court sentenced Hernandez to a stipulated prison term of 18 years.[2] In 2023, Hernandez petitioned for resentencing under section 1172.6 (formerly section 1170.95) and the court appointed him counsel. Following briefing and declining to consider the preliminary hearing evidence, the trial court denied the petition, finding Hernandez did not make a prima facie showing he was entitled to relief.

Hernandez contends his guilty plea along with the record properly considered by the court do not conclusively establish he is ineligible for section 1172.6 relief as a matter of law. He asks us to vacate the order, remand, and direct the trial court to issue an order to show cause so as to hold an evidentiary hearing under section 1172.6, subdivision (d)(3) before making a determination on his petition's merit. We affirm the order.

---

[1]   Undesignated statutory references are to the Penal Code.

[2]   The sentence consists of a five-year low term for the attempted murder, a consecutive 10-year enhancement for the firearm use finding, and a consecutive three year enhancement for the infliction of personal injury finding. The court struck the punishment for the gang enhancement.

FACTUAL BACKGROUND

*Underlying Offenses*

Though the parties stipulated that Hernandez's preliminary hearing provided a factual basis for his plea, as stated, the trial court declined to consider it in determining the merits of Hernandez's section 1172.6 petition.[3] We likewise do not rely on those facts in this opinion (*People v. Lewis* (2021) 11 Cal.5th 952, 972 [court should not engage in factfinding at threshold prima facie stage]; see also *People v. Harden* (2022) 81 Cal.App.5th 45, 51), but summarize some of the preliminary hearing testimony for context only.

---

[3] Courts are presently split on the question of whether a trial court may rely on a preliminary hearing transcript to deny a section 1172.6 petition at the prima facie stage. (Compare *People v. Mares* (2024) 99 Cal.App.5th 1158, review granted May 1, 2024, S284232 [ordering briefing deferred pending decision in *People v. Patton* (2023) 89 Cal.App.5th 649, review granted June 28, 2023, S279670]; *People v. Pickett* (2023) 93 Cal.App.5th 982, 988, review granted Oct. 11, 2023, S281643 [stating the "record of conviction may include the transcript of the defendant's preliminary hearing testimony when the transcript 'reliably reflect[s] the facts of the offense for which the defendant was convicted' "]; with *People v. Williams* (2024) 103 Cal.App.5th 375, 398-399, review granted Sept. 11, 2024, S286314 [preliminary hearing transcript, even if stipulated as the factual basis for a plea, does not conclusively establish the elements of attempted murder under a valid theory, disagreeing with *Mares* and *Pickett*]; *People v. Davenport* (2021) 71 Cal.App.5th 476, 481-482 [rejecting argument "that the preliminary hearing transcript is never part of the record of conviction" but finding trial court engaged in impermissible factfinding at prima facie stage by relying on facts taken from transcript that defendant did not stipulate to or admit]; *People v. Flores* (2022) 76 Cal.App.5th 974, 989 [acknowledging "Courts of Appeal are split on the import of the preliminary hearing transcript in determining whether a petitioner has made a prima facie case for resentencing under [former] section 1170.95"].)

In 2016, Hernandez began dating S.T., who had previously been the girlfriend of Hernandez's friend A.S. A.S. and S.T. later began talking again, and one day ended up having sexual relations. A few days later, A.S. messaged Hernandez, told him what happened, said he was trying to work things out with S.T., and questioned why Hernandez would be with her. Hernandez responded in part by indicating laughter, saying A.S. "was done and dealt with" and Hernandez would "see [him] soon." A few nights later, Hernandez asked A.S. if he was still mad, and A.S. responded that he was never mad.

The next morning A.S. was walking back to his apartment looking down at his phone when he heard gunshots. He looked up and saw Hernandez, who was holding a gun, and another man, Sergio Michel, standing in the middle of the hallway to his apartment. Hernandez shot A.S. seven times: in the chest, abdomen, cheek, leg, and back, the last time holding the gun to A.S.'s mouth. The other man did not have anything in his hands, and the men did not exchange words during the shooting.

A witness that morning saw two Hispanic males, one with a handgun, exit a white vehicle and walk between two apartment buildings in the complex. He heard multiple gunshots, then saw the men run back to the vehicle and leave. Police later discovered the vehicle was registered to Michel's mother.

*Hernandez's Charges and March 2019 Guilty Plea*

The People initially charged both Hernandez and Michel with attempted murder, with allegations that Hernandez personally used a firearm in the attempted murder's commission; personally inflicted great bodily injury on A.S., who was not an accomplice; and that both Hernandez and Michel committed the offense in association with a criminal street gang.

4

In March 2019, the People filed a third amended information charging only Hernandez with premeditated attempted murder, shooting at an inhabited dwelling, robbery, assault with a deadly weapon, assault by means likely to produce great bodily injury, vandalism, and the various gun and personal injury enhancements.

That same month, Hernandez entered into his guilty plea. He pleaded guilty to attempted murder and admitted that he personally and intentionally used a firearm within the meaning of section 12022.53, subdivision (b); personally inflicted great bodily injury on A.S. within the meaning of section 12022.7, subdivision (a); and committed the offense for the benefit of, at the direction of, and in association with a criminal street gang. The court sentenced him as indicated above, striking the gang enhancement.

*Hernandez's Section 1172.6 Petition for Resentencing*

In February 2023, Hernandez filed a form section 1172.6 petition for resentencing on his conviction for attempted murder. The court appointed counsel for him and set a briefing schedule.

The People opposed the petition on the ground Hernandez "is not an accomplice to the attempted murder for which he was convicted, but rather, he is the direct perpetrator" and thus ineligible for relief. Pointing to this court's opinion in *People v. Harden, supra*, 81 Cal.App.5th 45, they argued Hernandez's admission to the section 12022.7 allegation made him ineligible as a matter of law because it made clear he was the actual attempted murderer. According to the People, this admission, as well as the admission that Hernandez "intentionally and personally discharg[ed] a handgun within

5

the meaning of section 12022.53, subdivision (b)" [*sic*],[4] coupled with his attempted murder conviction, made it clear Hernandez "himself desired the victim's death and had express malice." The People submitted parts of the record, including Hernandez's preliminary hearing transcript.

Hernandez responded that he had made out a prima facie case by alleging facts that if found true, entitled him to relief. He argued that a prima facie case was a legal term of art with a "low threshold of production" and "not a burden of proof" requiring him to provide substantial evidence of eligibility.

The trial court denied Hernandez's petition without considering the facts of Hernandez's preliminary hearing, finding him ineligible for relief as a matter of law. It ruled "the cold record . . . , the change of plea, the minute order reflecting the change of plea, the minute order reflecting sentencing, the abstract of judgment in this case" showed Hernandez did not establish entitlement to relief. Specifically, the court found based on his plea that Hernandez was not an accomplice, but a direct perpetrator. Further, pointing to Hernandez's admission to the section 12022.7, subdivision (a) and 12022.53, subdivision (b) allegations, it ruled there was "no evidence on the face of the petition that malice was imputed upon him . . . ."

Hernandez filed this appeal.

---

[4] The People misstated the nature of the section 12022.53, subdivision (b) allegation as involving "intentionally and personally *discharging* a handgun" (italics added), when by that allegation Hernandez admitted he personally *used* a firearm in the commission of the felony. The trial court repeated that error in its ruling, but as stated below, we review the correctness of the ultimate result, not the court's reasoning.

## DISCUSSION

### I. *Legal Principles*

Senate Bill No. 1437 became effective January 1, 2019 (Stats. 2018, ch. 1015). It substantially changed the law governing "murder liability for those who were neither the actual killers nor intended to kill anyone, including certain individuals formerly subject to punishment on a felony-murder theory." (*People v. Strong* (2022) 13 Cal.5th 698, 707.) In part, it "imposed a new requirement that, except in cases of felony murder, 'a principal in a crime shall act with malice aforethought' to be convicted of murder. (§ 188, subd. (a)(3).) 'Malice shall not be imputed to a person based solely on his or her participation in a crime.' " (*People v. Curiel* (2023) 15 Cal.5th 433, 448-449.) The statute also created "a procedural mechanism for those convicted of murder under prior law to seek retroactive relief." (*People v. Wilson* (2023) 14 Cal.5th 839, 869; see *Curiel,* at p. 449; *People v. Lewis*, *supra*, 11 Cal.5th at p. 957; Stats. 2018, ch. 1015.)

Effective January 1, 2022, the Legislature clarified that Senate Bill No. 1437's changes and procedure for relief applied to individuals convicted of attempted murder under the natural and probable consequences doctrine. (Stats. 2021, ch. 551, § 1, subd. (a); *People v. Lezama* (2024) 101 Cal.App.5th 583, 588; *People v. Berry-Vierwinden* (2023) 97 Cal.App.5th 921, 931; *People v. Saibu* (2022) 81 Cal.App.5th 709, 747.) Section 1172.6, subdivision (a) now reads in part: "A person convicted of . . . attempted murder under the natural and probable consequences doctrine . . . may file a petition with the court that

7

sentenced the petitioner to have the petitioner's . . . attempted murder . . . conviction vacated and to be resentenced on any remaining counts."[5]

A petition under this procedure must contain a declaration that all requirements for section 1172.6 eligibility are met (§ 1172.6, subd. (b)(1)(A)), including that: "[t]he petitioner could not presently be convicted of . . . attempted murder because of changes to Section 188 . . . made effective January 1, 2019." (*People v. Strong, supra*, 13 Cal.5th at p. 708.) The trial court must then determine if the petitioner has made a prima facie showing that he or she is entitled to relief. (§ 1172.6, subds. (a)-(c); accord, *Strong*, at p. 708.) " ' "[T]he court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court

---

[5]    We observe that though Senate Bill No. 1437 was in effect at the time of Hernandez's March 2019 plea, appellate courts were then in disagreement as to whether it applied to attempted murder. The trial court was not bound to follow only those cases concluding that the law eliminated the natural and probable consequences theory for attempted murder. (See *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 456 [when "appellate decisions are in conflict" a "court exercising inferior jurisdiction can and must make a choice between the conflicting decisions"].) Thus, until the Legislature clarified the law in 2022 and the split was resolved, Hernandez could have still been convicted under a natural and probable consequences theory of attempted murder. The People do not argue to the contrary, or rely on recent cases such as *People v. Lezama, supra*, 101 Cal.App.5th 583, which held that a defendant who had entered a plea to voluntary manslaughter in June 2019 after the imputed malice theories had been statutory eliminated, could not have been convicted of murder under an invalid theory and was thus ineligible for section 1172.6 relief. (*Id.* at p. 590; see also *People v. Gallegos* (2024) 105 Cal.App.5th 434, 442 [petitioner who entered plea to voluntary manslaughter in 2019, after Senate Bill No. 1437's effective date, was ineligible for resentencing as a matter of law because he could not show he "could not presently be convicted of murder . . . because of changes to [s]ection 188 or 189 made effective January 1, 2019"].)

8

must issue an order to show cause." ' " (*Lewis, supra*, 11 Cal.5th at p. 971; see *People v. Curiel*, at p. 460.) "[T]he 'prima facie bar was intentionally and correctly set very low.' " (*Lewis*, at p. 972.) " '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' " (*Lewis*, at p. 971.)

At this preliminary stage, the court may consider the record of conviction, which will "necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*People v. Lewis, supra*, 11 Cal.5th at p. 971; see *People v. Curiel, supra*, 15 Cal.5th at pp. 463-464.) "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Lewis,* at p. 972; see also *People v. Harden*, *supra*, 81 Cal.App.5th at p. 51.)

The court "may appropriately deny a petition at the prima facie stage if the petitioner is ineligible for relief *as a matter of law.* ' "[I]f the record, including the court's own documents, 'contain[s] facts refuting the allegations made in the petition,' then 'the court is justified in making a credibility determination adverse to the petitioner,' " ' thereby deeming the petitioner ineligible." (*People v. Harden, supra*, 81 Cal.App.5th at p. 52; see *People v. Curiel, supra*, 15 Cal.5th at p. 460; *People v. Lewis, supra*, 11 Cal.5th at p. 971.) For example, where "the record of conviction irrefutably establishes as a matter of law that the jury determined [the petitioner] was the actual killer," the trial court may properly deny the petition "at the prima facie stage." (*Harden*, at pp. 56, 60; see § 189, subd. (e)(1).) Or where the record conclusively shows the petitioner was otherwise convicted under a theory of liability *not* affected by the amendments to the law of murder and attempted

murder, such as under direct aiding and abetting, the trial court may dismiss the petition. (*People v. Coley* (2022) 77 Cal.App.5th 539, 548 [section 1172.6 "applies by its terms only to attempted murders based on the natural and probable consequences doctrine," and "[d]irect aiding and abetting remains a valid theory of attempted murder"].) "If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so." (§ 1172.6, subd. (c).)

If the court issues an order to show cause, within 60 days the court must then hold an evidentiary hearing to determine whether to vacate the murder, attempted murder, or manslaughter conviction and resentence the petitioner on any remaining counts. (§ 1172.6, subds. (c), (d)(1).) At this hearing, either party may present new evidence and the prosecution bears the burden of proving the petitioner could still be convicted beyond a reasonable doubt. (§ 1172.6, subd. (d)(3).)

This court independently determines whether the petitioner has made a prima facie showing. (*People v. Harden, supra*, 81 Cal.App.5th at p. 52.) We uphold the trial court's decision if it is correct, regardless of its reasoning. (*People v. Letner and Tobin* (2010) 50 Cal.4th 99, 145 ["On appeal we consider the correctness of the trial court's ruling *itself*, not the correctness of the trial court's *reasons* for reaching its decision"]; *People v. Eynon* (2021) 68 Cal.App.5th 967, 976.)

## II. *Contentions*

Hernandez advances several reasons why the trial court assertedly erred by denying his section 1172.6 petition for resentencing. He first contends the court "implicitly disregarded" his petition's allegations, when it was required to accept their truth without engaging in credibility determinations. He next contends the record did not conclusively refute his

10

petition's allegations, and that his March 2019 guilty plea did not establish proof beyond a reasonable doubt he was guilty of attempted murder under the newly revised statutes. Hernandez maintains his general stipulation to the preliminary hearing transcript did not constitute an admission to the truth of all the testimony for all purposes. He characterizes his guilty plea as pleading to attempted murder "on an unspecified theory," as the defendant did in *People v. Eynon, supra,* 68 Cal.App.5th 967. Citing *People v. Offley* (2020) 48 Cal.App.5th 588; *People v. Cooper* (2020) 54 Cal.App.5th 106, *People v. Jones* (2003) 30 Cal.4th 1084, and *People v. Elder* (2014) 227 Cal.App.4th 411, Hernandez further contends his admission to the firearm and bodily injury allegations do not conclusively prove his mens rea, and thus they cannot support a finding of section 1172.6 ineligibility as a matter of law. According to Hernandez, his petition remains unrebutted for purposes of prima facie review, entitling him to an evidentiary hearing.

### III. *Analysis*

As an initial matter, Hernandez's focus on the trial court's findings or rulings is misplaced given our de novo review, and the fact the court's actual reasoning is irrelevant to whether he made a prima facie showing. Turning to that inquiry, we reject Hernandez's contentions.[6]

Hernandez's section 1172.6 petition for resentencing averred that the People filed a complaint against him that allowed the prosecution to proceed under a theory of attempted murder under the natural and probable consequences doctrine; that he accepted a plea in lieu of a trial at which he could have been convicted of attempted murder; and that he could not

---

[6] Because neither the trial court nor we considered the preliminary hearing transcript in this inquiry, there is no basis for Hernandez's contention concerning his admission to that transcript as the factual basis for his plea.

presently be convicted of attempted murder because of the changes to sections 188 and 189.  (See § 1172.6, subd. (a)(1)-(3).)  We accept these averments as true, unless the record of conviction establishes that Hernandez is ineligible for relief as a matter of law.  (*People v. Curiel, supra*, 15 Cal.5th at p. 460; *People v. Lewis, supra*, 11 Cal.5th at p. 971; *People v. Beaudreaux* (2024) 100 Cal.App.5th 1227, 1232 [relief properly denied at prima facie stage where the record of conviction "refute[s] conclusively" the petition's averments].)

Here, Hernandez's record—which includes the charging document and his plea form (see e.g., *People v. Saavedra* (2023) 96 Cal.App.5th 444, 448)—refutes his averment that the People filed a complaint against him allowing them to proceed under a theory of attempted murder *under the natural and probable consequences doctrine.*  (§ 1172.6, subd. (a)(1).)  That is the only theory of attempted murder identified for resentencing eligibility in section 1172.6.  (See *People v. Coley, supra*, 77 Cal.App.5th at p. 548 [the statute "applies by its terms only to attempted murders based on the natural and probable consequences doctrine"].)  Under that doctrine, " 'an *accomplice* is guilty not only of the offense he or she directly aided or abetted . . . , but also of any other offense committed by the direct perpetrator that was the "natural and probable consequence" of the crime the accomplice aided and abetted.' "  (*People v. Curiel, supra*, 15 Cal.5th at p. 449, italics added.)  While the People initially charged both Hernandez and Michel, Hernandez was charged alone in the operative third amended information.

Thus, contrary to the information in *People v. Eynon, supra*, 68 Cal.App.5th 977, which alleged generically that codefendants murdered the

12

victim and did not allege the defendant to be the actual killer,[7] the operative information in this case does not identify or charge any codefendants. It unequivocally alleges that only Hernandez unlawfully attempted to murder A.S.; that Hernandez "personally inflicted great bodily injury upon [A.S.], not an accomplice to the above offense, . . . within the meaning of . . . section 12022.7[, subdivision] (b)"; and that "in the commission and attempted commission" of the attempted murder, Hernandez "personally used a firearm . . . within the meaning of . . . section 12022.53[, subdivision] (b)." It was to that charge and those allegations—identifying him as the direct perpetrator, not as an accomplice or an indirect aider and abettor—that Hernandez pleaded guilty under penalty of perjury in the executed and initialed plea form. At the hearing on his change of plea, Hernandez was placed under oath and confirmed to the court that his plea form statements were true and correct. His admission to attempted murder as alleged in the operative charging document carries with it an intent to kill (see *People v. Mumin* (2023) 15 Cal.5th 176, 217 (conc. opn. Liu, J.) ["Every attempted murder conviction requires the ' "specific intent to kill and the commission of a direct but ineffectual act toward accomplishing the intended killing" ' "]) and the plea "cannot reasonably be construed as potentially imposing liability under

---

7    Further, in *Eynon*, the defendant's plea statements included: "I agree that I did the things that are stated in the charges that I am admitting" (*Eynon, supra*, 68 Cal.App.5th at p. 971), and that "this was a first-degree murder by virtue of being a felony murder; that being murder that occurred during the commission of a robbery." (*Id.* at p. 972.) And the generic manner in which the People pleaded the charge did not preclude them from proceeding on theories of felony murder or murder under the natural and probable consequences doctrine, additionally the defendant's factual admissions did not preclude conviction based on either theory. Thus, the defendant remained legally eligible for resentencing relief under section 1172.6 as a matter of law. (*Eynon*, at p. 979.)

the natural and probable consequences doctrine because [that doctrine] is a theory of vicarious liability . . . ." (*People v. Saavedra, supra*, 96 Cal.App.5th at p. 448.)[8]

It is true that a defendant's admission to personal use of a firearm and personally causing great bodily injury may not be itself sufficient to establish the necessary intent to kill to disqualify that defendant from an evidentiary hearing under section 1172.6. (See e.g., *People v. Offley, supra*, 48 Cal.App.5th 588, 597-599; *People v. Cooper, supra*, 54 Cal.App.5th at p. 125 [discussing point in the context of holding the court's failure to appoint counsel before denying the defendant's section 1172.6 petition was prejudicial error].) But unlike here, in *Offley*, which involved five defendants who took part in a gang-related shooting, a jury had been instructed on conspiracy and the natural and probable consequences doctrine, so it was possible it found the defendant had not intended the kill the victim. (*Offley*, at p. 599; see *People v. Harden, supra*, 81 Cal.App.5th at p. 56, fn. 9 [discussing *Offley*].) Under those circumstances, the trial court erred by denying the defendant's section 1172.6 petition based solely on the jury's true finding on a section 12022.53, subdivision (d) allegation that the defendant personally and intentionally discharged a firearm, proximately causing great bodily injury and death to the victim. (*Offley*, at pp. 597-598.)

In contrast here, Hernandez was charged as a single defendant, and neither the charges against him nor his plea referenced a natural and probable consequences theory. As discussed above, his ineligibility is based

---

8    Hernandez cites *People v. Lashley* (1991) 1 Cal.App.4th 938 for the proposition that intent to kill is a factual question that would have to be gleaned from his preliminary hearing transcript. But *Lashley* did not involve a guilty plea; it was an appellate challenge to the sufficiency of the evidence of the defendant's specific intent to kill. (*Id*. at pp. 944-945.)

14

on his plea to attempted murder *combined* with his admission to the firearm and personal injury enhancements.  Where Hernandez pleaded guilty under oath that he "personally inflicted great bodily injury on A.S." within the meaning of section 12022.7, subdivision (a), his plea was to being the person who actually inflicted the injuries to A.S., making him ineligible for resentencing as a matter of law.  (Accord, *People v. Harden*, *supra*, 81 Cal.App.5th at p. 56, fn. 9.)  "The natural meaning of 'personally inflicted' is that the defendant [him]self inflicted the injury."  (*Id.* at p. 55.)

Thus, while it may be that admitting section 12022.7, subdivision (a) and 12022.53, subdivision (b) allegations *standing alone*, is not tantamount to a finding beyond a reasonable doubt that Hernandez was the actual shooter, our inquiry is broader than that.  Here, we conclude that Hernandez's record of conviction—the operative charging document as well as his plea form and colloquy—refutes his petition's allegations, and that Hernandez is not entitled to section 1172.6 relief.

15

## DISPOSITION

The order is affirmed.

O'ROURKE, J.

WE CONCUR:

McCONNELL, P. J.

IRION, J.